UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:04-CR-58 |
| | ) | |
| BILLY WAYNE WHITT | ) | |

REPORT AND RECOMMENDATION

The defendant has filed a Motion to Suppress Evidence Seized During a Warrantless Search [Doc. 34]. That motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on August 4, 2005.

On April 23, 2004, local and state law enforcement officers searched defendant's home at 1230 Central Point Road in Rutledge, Tennessee, and seized evidence that incriminated defendant with respect to the charges pending against him in this Court. Defendant maintains that this search was done without a warrant and therefore should be suppressed under the Fourth Amendment.

The house which was searched belonged to defendant's ex-wife, Cora Whitt; defendant had been residing with her since his release from prison. On April 23, 2004, Cora Whitt consented that the law enforcement agents search her home, and she signed

a written consent to that effect. *See*, Exh. 1.

Inasmuch as Cora Whitt owned that premises, and lived there, she clearly had authority to validly consent to its search. *See, Schneckloth v. Bustamonte*, 412 U.S. 218 (1983); *United States v. Matlock*, 514 U.S. 164, 170 (1974). Cora Whitt voluntarily consented to the search of her home, of that there is no doubt.

Defendant has no basis to complain of the search and the resultant seizure of the incriminating evidence.

It is respectfully recommended that his motion to suppress be DENIED.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). The objecting party shall procure and file simultaneously with the objections a transcript of any testimony before the Magistrate Judge. If a transcript is not filed simultaneously with the objections, the party filing the objections shall either (1) file a declaration that the transcript was ordered before the objections were filed and the date on which the party expects the transcript to be filed, or (2) affirmatively state that a transcript of the testimony presented to the Magistrate Judge is not needed for resolution of the objections.] If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery

or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

.1