UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-58 |
| | ) | |
| BILLY WAYNE WHITT | ) | |

## **O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge filed after an evidentiary hearing on August 4, 2005. The Magistrate Judge recommends that the defendant' motion to suppress his two pretrial confessions should be denied.

The defendant was interviewed twice on April 29, 2004. On both occasions he signed a Miranda warning. One statement was taken by Detective Michael McElhaney and another was taken by the Chief of Police of the Bean Station Police Department, Andy Dossett. However, the defendant contends that his inculpatory statements were involuntary because he was promised leniency in state court and because he was "undergoing drug

treatment" at the time.

As an initial matter, there was no evidence that the defendant was promised leniency. Therefore, to the extent that his motion is based on promises of leniency, it will be denied.

In regard to the defendant's claims that his confession was involuntary because he was suffering from Oxycontin withdrawal and needed to go to "detox", the threshold requirement to the determination that a confession was "involuntary" for due process purposes is that the police "extorted [the confession] from the accused by means of coercive activity." *McCall v. Dutton*, 863 F.2d 454 (6th Cir.1988). The Sixth Circuit has extended that rationale to cases involving drug and alcohol addiction. *United States v. Newman*, 889 F.2d 88, 94 (6th Cir.1989) (holding that "[e]vidence that a defendant suffered at the relevant time from a condition or deficiency that impaired his cognitive or volitional capacity is never, by itself, sufficient to warrant the conclusion that his confession was involuntary for purposes of due process; some element of police coercion is necessary").

The defendant has failed to offer evidence of the element of police coercion in connection with his statements. Although he was cold and shivering, Detective McElhaney's testimony is undisputed that he furnished the defendant a

blanket. Chief Dossett also testified that the defendant was cooperative and did not appear to be under the influence of any narcotics.

The preponderance of the evidence shows that the defendant's ability to think rationally was unimpaired by his being in Oxycontin withdrawal during the interrogations. The preponderance of the evidence also shows that no coercive police activity occurred during the interrogation. Therefore, there is no basis to conclude that the defendant's statements were obtained in violation of the Due Process Clause.

After careful consideration of the Report and Recommendation of the United States Magistrate Judge, [Doc. 49], it is hereby **ORDERED** that this Report and Recommendation is **ADOPTED** and **APPROVED**, and that the defendant's motion to suppress his statement is **DENIED.** [Doc. 29]

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE