UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:04-CR-58 |
| | ) | |
| | ) | |
| BILLY WAYNE WHITT | ) | |

## MEMORANDUM OPINION AND O R D E R

This matter came before the Court for hearing on August 14, 2006 upon defendant's objections to the presentence report and for sentencing. This memorandum will address the defendant's objections to the presentence report. For the reasons set forth orally from the bench on August 14 and the reasons which follow, the defendant's objection will be sustained in part and overrruled in part.

**Procedural Background:**

On September 28, 2004, the federal grand jury returned a six count indictment charging the defendant, Billy Wayne Whitt ("Whitt"), with various offenses related to the armed robbery of Howard's Pharmacy in Morristown, Tennessee on March 30, 2004 [Doc. 1]. On February 8, 2005, a 12 count superseding indictment was returned by the grand jury charging Whitt with six additional offenses related to the January 25, 2004 armed robbery of Rite-Aide pharmacy in Bean Station, Tennessee [Doc. 19]. On January 13, 2005, the United States filed an information to establish prior

convictions and gave notice of the government's intention to seek enhanced punishment pursuant to 18 U.S.C. § 3559(c)(4)[1] because of prior convictions of the defendant [Doc. 11]. On August 31, 2005, the defendant was convicted by a jury of all 12 counts of the superseding indictment [Doc. 66].

A presentence investigation report was ordered by the Court and disclosed to the parties on January 5, 2006. The presentence report concluded that the mandatory term of imprisonment for each of counts 1, 2, 3, 7, 8 and 9 is life, pursuant to 18 U.S.C. § 3559(c)(1), and that the life term of imprisonment for each of counts 3 and 9 must be served consecutively to each other and to any other term of imprisonment imposed, pursuant to 18 U.S.C. § 924(D)(ii). The defendant objected to the presentence investigation report and contends that he does not have the requisite prior convictions such as to subject him to the mandatory life imprisonment provision of 18 U.S.C. § 3559(c)(1).

**<u>Analysis:</u>**

18 U.S.C. § 3559(c)(1) provides, in pertinent part:

---

[1] 18 U.S.C. § 3559(c)(4) makes the provisions of 21 U.S.C. § 851(a) applicable to sentences imposed pursuant to § 3559. 21 U.S.C. § 851 provides that no person convicted of an offense shall be sentenced to increased punishment by reasons of prior convictions unless the United States Attorney files an information prior to trial stating the prior convictions to be relied upon. If the defendant "denies any allegation of the information of prior conviction, or claims that any conviction is invalid", he is required to file a written response. 21 U.S.C. § 851(c)(1) The court must then hold a hearing to determine the issues raised by the response. Although no specific written response was filed by defendant to the information filed by the government, the court has treated the defendant's objections to the presentence report as such response.

2

(1) **Mandatory life imprisonment** – notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if –

(A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of –

(i) two or more serious violent felonies;
. . .

18 U.S.C. § 3559(c)(1)

A "serious violent felony" is defined as "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery . . ." and "any other offense punishable by a maximum term of imprisonment of ten years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." 18 U.S.C. § 3559(c)(2)(F)(i)and(ii). The statute sets out certain "nonqualifying felonies" including "[R]obbery . . . if the defendant establishes by clear and convincing evidence that . . . (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and (ii) the offense did not result in death or serious bodily injury . . . to any person. 18 U.S.C. § 3559(c)(3)(A). (emphasis added)

Whitt's convictions in counts 1 through 3 and 7 through 9 ("the instant

3

convictions") are clearly serious violent felonies.[2]  The only question before this Court, therefore, is whether or not defendant has the requisite prior convictions such that the terms of 18 U.S.C. § 3559(c)(1) require mandatory terms of life imprisonment as to the instant convictions.  The information filed by the United States in this case lists five prior, potentially qualifying convictions of the defendant in this case:

> 1. On February 3, 1999, defendant Whitt was convicted of aggravated robbery, committed on September 25, 1997, in the Criminal Court of Jefferson County, Tennessee, Case No. 6730.
>
> 2. On March 22, 1999, defendant Whitt was convicted of burglary, committed on November 16, 1996, in the Criminal Court of Jefferson County, Tennessee, Case No. 6714.
>
> 3. On March 26, 1999, defendant Whitt was convicted of aggravated robbery, committed on April 30, 1998, in the Hamblen County Crimianl Court, Case No. 98-CR-285.
>
> 4. On March 2, 1998, defendant Whitt was convicted of aggravated burglary, committed on March 2, 1997, in Grainger County Criminal Court, Case No. 3305.
>
> 5. On March 2, 1998, defendant Whitt was convicted of aggravated burglary, committed on May 3, 1997, in Grainger County Criminal Court, Case No. 3306.

The defendant contends that the various burglary and aggravated burglary convictions listed in the government's information are not prior convictions of "serious

---

[2] No challenge has been made by the defendant in this regard and defendant implicitly admits that the instant convictions are serious violent felonies.

violent felon[ies]" implicating the mandatory life imprisonment provision of 18 U.S.C. § 3559(c)(1). The probation officer agreed with the defendant's position as to these prior convictions and the government, at the hearing on August 14, concurred. Thus, the prior convictions for burglary on March 22, 1999 and the convictions for aggravated burglary on March 2, 1998, are not serious violent felonies within the meaning of 18 U.S.C. § 3559(c)(2)(F) and the defendant's objection is, to this extent, SUSTAINED.

The only issue then for the Court's decision is whether or not Whitt can prove by clear and convincing evidence that the February 3, 1999 and March 26, 1999 convictions for aggravated robbery are "nonqualifying felonies" as provided in 18 U.S.C. § 3559(c)(3)(A)(i).[3] The parties agree that the February 3, 1999 conviction of aggravated robbery, committed on September 25, 1997, in the Criminal Court of Jefferson County, case No. 6730, is a prior conviction for a serious violent felony. The defendant, however, argues that the March 26, 1999 conviction of defendant Whitt for the offense of aggravated robbery, committed on April 30, 1998, in Hamblen County Criminal Court, case No. 98CR285, "fits within the exception of 18 U.S.C. § 3559(c)(3)(A)(i) and (ii), that when no firearm or dangerous weapon was used nor was there a threat that a firearm or dangerous weapon was involved in the case, the enhancement is inapplicable." The indictment in the case, filed by the government as an exhibit, reflects that the robbery

---

[3] The Sixth Circuit has held that requiring defendant to shoulder the burden of proving by clear and convincing evidence that prior felonies are "nonqualifying felonies" does not violate defendant's due process rights. *United States v. Gatewood*, 230 F. 3d 186, 189-191 (6th Cir. 2000) (*en banc*).

5

"was accomplished by display of an article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; . . ."

As set forth above, the defendant has the burden of proving by clear and convincing evidence that this conviction is a nonqualifying felony. More specifically, the defendant must establish by clear and convincing evidence that no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense and that the offense did not result in death or serious bodily injury. Neither party disputes that the offense did not result in death or serious bodily injury. The inquiry, therefore, focuses on whether a firearm or other dangerous weapon was used in the offense and whether a threat of the use of a firearm or dangerous weapon was involved in the offense. (The defendant must prove both that no firearm was used <u>and</u> that no threat of the use of a firearm was involved in the offense).

Although the Sixth Circuit Court of Appeals has apparently never considered the question of whether or not a robbery accomplished by a display of an article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon is a qualifying felony for § 3559 purposes, several other circuits have considered a similar question. Those courts have uniformly found that a threat of use of a firearm, or the belief that a firearm was involved, is sufficient to cause the offense to be considered a serious violent felony conviction. *See U.S. v. Cox*, 225 F. 3d 1018, 1019 (8th Cir. 2000); *U.S. v.*

6

*Washington*, 109 F. 3d 335 (7th Cir. 1997); *U.S. v. Jones*, 213 F. 3d 1253 (10th Cir. 2000). This Court has no reluctance in finding that the display of an article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon constitutes a "threat" of the use of a dangerous weapon in the offense. To find otherwise would defy logic and common sense. Displaying an article fashioned to appear to be a dangerous weapon is no less threatening to the victim than the display of an actual firearm or dangerous weapon.

Therefore, this Court **FINDS** that the defendant, Billy Wayne Whitt, has been convicted on separate occasions in a court of a state of at least two serious violent felonies as defined by 18 U.S.C. § 3559(c)(2)(F). Accordingly, Whitt is subject to the mandatory life imprisonment provision of 18 U.S.C. § 3559(c)(1). The defendant has failed to meet his burden of establishing by clear and convincing evidence that the March 26, 1999 conviction is a "nonqualifying felony". The defendant's object ion with respect to the aggravated robbery conviction is, therefore, **OVERRULED**.

SO ORDERED.

ENTER:

                                                  s/J. RONNIE GREER
                                               UNITED STATES DISTRICT JUDGE